

111 Broadway, Suite 606  
New York, NY 10006  
718-263-2624  
Fax: 718-504-6427 (Court's Use Only)  
sabiolsi@sabiolsi.com

May 12, 2022

Honorable Ramon E. Reyes  
United States District Court Magistrate Judge  
Eastern District Of New York  
225 Cadman Paza East  
Brooklyn, NY 11201

   Re: *NY Bakers v Maria Betania Damota*, et al  
     20-cv-05291-KAM-SMG  
     United States District Court, Eastern District of New York  
     Persistent and willful refusal to provide bank records and related discovery  
     2nd Letter Request To strike Defendant Damota's Answer and enter default Judgment

Dear Judge Reyes:

This office represents Plaintiff NY Bakers LLC. At each conference, Your Honor indicated that each Defendant should provide discovery materials responsive to each other's demands. Plaintiff responded to Defendants' demands – including those that exceeded the limitations set by the rules of procedure or by the revised discovery schedule.

Defendant Maria Betania Damota willfully continues to refuse to productively participate.

Her willful failure to provide documents prejudicially inhibits an ability to depose either Defendant because we cannot trace hundreds of thousands of dollars without bank statements. To this end, rather than further extend her time to respond, Plaintiff asks that her answer be stricken and that default judgment be entered against her.

Pursuant to Federal Rules Of Civil Procedure 37(b)(2), if a party…fails to obey an order to provide or permit discovery, "the court where the action is pending may issue further just orders" which may include: "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; . . . [or] (v) dismissing the action or proceeding in whole or in part[.]" District courts have broad discretion in imposing discovery sanctions."  *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991).

To this end, at a minimum, Plaintiff requests an order that (or a motion conference seeking):

  A. Because both Defendants were already *warned at least twice* that failure to comply will result in sanctions including:

    a. Ordering Defendant Maria Damota to pay Plaintiff's reasonable attorneys' fees and costs incurred in connection with these attempts to obtain delinquent discovery of $2,500;
    b. Precluding Defendant Maria Damota from offering responsive evidence which would have been responsive to Plaintiff's Request For Production Of Documents requesting the productive of bank statements and tax returns;
    c. Striking Defendant Maria Damota's answer in its entirety;
    d. Entering default judgment against Defendant Maria Damota for the relief demanded in the complaint;
    e. Directing that the following matter be taken as established for the purposes of this action:
        i. Defendant Maria Damota fraudulently falsified numerous invoices;
        ii. Defendant Maria Damota diverted revenues of $412,000 away from the parties' joint venture;
        iii. Defendant Maria Damota used Plaintiff's initial deposit of $200,000 for her own personal use to operate her other businesses.
        iv. Defendant Maria Damota converted, or otherwise participated in the conversion of, bakery equipment purchased by Plaintiff and installed in the parties' join venture for their own personal use, enjoyment, benefit and gain valued at $100,000.

For Plaintiff, thank you for your time and attention.

Regards,

Steven Alexander Biolsi

CC:  Via e-mail

Defendant Joao Araujo rainbowalpina@aol.com
Defendant Maria Bentania damotabt@aol.com

Annexed:

Exhibit A – Plaintiff's Document Demands;
Exhibit B – Defendant Damota's wholly insufficient response;
Exhibit C – Plaintiff's November 18, 2021 First Request to strike Damota's Answer