



Maria Betania Da Mota
39 Williams St
Framingham, MA
01702
508-7333284
Damotabt@aol.com

May 26, 2022

Honorable Ramon E. Reyes
United States District Court Magistrate Judge
Eastern District Of New York.
Brooklyn, NY 11201

        NY Bakers v Maria Betania Damota, et
        20-cv-05291-KAM-SMG

        Response to Motion To Reconsider Plaintiff's Motion to Strike Defendant's
        Damota's Answer And,
        Extend discovery 45 days to July 15, 2022 to issue subpoenas and conduct
        discovery.

Dear Judge Reyes:

I stand firm by my answers to you in the letter dated May 15, 2022; however, I need to address the allegations that Mr Biolsi raised in his letter dated May 24, 2022.

Firstly, Mr Biosi is misinforming Your Honor when he alleges that I own several companies and that I did not disclose the names of those companies. In (Exhibit C) interrogatory 5, to which I name Ride On Car Services LLC, Different Car Services LLC and One Importers and Distributors LLC as companies that I am the principal and the sole proprietor. The document is dated January 10, 2022. Mr Biolsi seems not to have done his homework correctly. I feel very offended by Mr Biolsi's false accusations about Ponzi Scheme orchestrations that he offers no prove and one important point is that EM Bakers LLC has not been in operations for the last two Years and it only had a business cycle of about five months from September 2019 to around May 2020.

In my letter to you dated May 15, 2022 I stated that discovery evidence will show that the 200k handed to Mr. Joao Araujo was a payment arrangement made with him for his services and that was not a part of the working capital of EM Bakers. Please refer to (Exhibit A) Request For Admissions To Plaintiff Eduard Babaisakov Admission #8 Mr Eduard Babaisakov admitis that Joao Araujo was never required to use monetary funds of the $200,000 given to him on September 2, 2019 for operations of EM Bakers LLC. In (Exhibit B) Plaintiff NY Bakers LLC's Responses To Defendants, Interrogatory 1, How and when did you meet Maria Da Mota? Answer: Plaintiff, by its principal did not meet Defendant Maria Da Mota. In Mr Biolsi's (Exhibit A) Certification Of Receipt Of $200,000 By Defendant Damota it does not bear my signature. It bears Mr Joao Araujo's signature and the words "per Maria Betania da Mota". I was not present when Mr Edward Babaisakov handed the funds to Mr Joao Araujo. In (Exhibit A) Request for Admission, in Request #4 Mr Edward Babaisakov admits that he never negotiated, spoke to, directed any correspondence, attended any meeting with Maria Betania da Mota and that he does not know her personally.

The amount of $200,000 is not in dispute. What is in dispute is the the misinformation that Mr Biosi is conveying. I will use his own exhibit to illustrate that the $200,000 was a payment to Mr Joao Araujo honoring an agreement that both Joao Araujo and Edward Babaisakov had to initiate the Walmart venture. Please refer to Mr Biolsi's  Exhibit Plaintiff's Interrogatories Including Specific Interrogatory 61 pages. In page 46, Exhibit "A" capital contribution($) and equity interest table states that NY Bakers LLC would contribute  $800,000 and have 40% equity and on page 29 it states that NY Bakers LLC should have deposited $800,000 into EM Bakers account which I am the signer together with Mr Edward Babaisakov and Mr Rudolf Simhaef. The total investment would have been $1,000,000 adding the $200,000 that Mr Edward Babaisakov handed to Mr Joao Araujo in cash at his house on September 2, 2019. Discovery will demonstrate that of the $1,000,000 commitment by NY Bakers, the total amount invested was $412,000 and Plaintiff can not demonstrate deposits totaling $212,000 into EM Bakers's bank account. Please refer to (Exhibit B), Interrogatory 15; Please answer Yes or No. Did you invest $412,000 of the planned 1,000.000 investment? Answer; Yes.
In (Exhibit A) Request for Admission #7: Admit that on December 25, 2019 you sent this offer to Joao Araujo:
" Joao I just want to clarify that we offering $500K in addition to $200K that we already paid you. It will be total of $700k for 55% of Terra Nossa company. Please note, all current liabilities and debts will have to be your responsibility.
Regard
Rudy"
Response: Admit.
This admission shows clearly that the $200,000 was a payment to Mr Joao Araujo.

There is no dispute about the amount of  $412,000 which is the sum of $200,000 paid to Mr Joao Araujo on September 2, 2019 by Mr Edward Babaisakov and $212,000 spent in general business expenses to set up operations in Pennsylvania and Florida which were managed by both Edward Babaisakov and Rudolf Simhaef.

This lawsuit is about NY Bakers LLC claiming money back for a business venture that they committed $1,000,000 and that they deemed as a failure after 4 months, period which they kept trying to purchase Terra Nossa Company according to their own admission.

Mr Biolsi also misinforms Your Honor when he states that my answers are evasive and not forthcoming. All my answers during discovery are simple, direct and truthful and I stand by them. Contrary to answers that I received from plaintiff.  Mr Biolsi includes three pages of General Objections and answers contain falsehoods and inaccuracy of facts that will easily be impeached if this case moves to trial.

Federal case

United States District Court, District of Columbia.

**DAG ENTERPRISES, INC., et al., Plaintiffs,**

v.

**EXXON MOBIL CORPORATION, et al., Defendants.**

Civ.A. No. 00–0182(CKK).

Feb. 11, 2005.

**Background:** Distributor/would-be bidder for assets divested by merged petroleum corporation at time of merger sued corporation alleging that distributor had been unfairly prevented from preparing bid for those assets, asserting claims for, inter alia, unfair competition and fraudulent misrepresentation. Distributor, after close of discovery, served subpoena duces tecum on non-party buyer of divested assets, seeking post-merger profit figures from those assets, to serve as foundation for distributor's proffered expert testimony on damages. Corporation moved for protective order to preclude distributor from seeking profit information, and distributor moved to compel production from buyer.

**Holdings:** The District Court, Kollar–Kotelly, J., held that:

1 no "good cause" for extending discovery deadline existed, given distributor's pre-deadline notice of importance of information sought from buyer and failure to seek it;

2 rules' duty to supplement experts' reports could not justify deadline extension; and

3 prejudice against corporation also weighed in favor of denying extension.

Corporation's motion granted.

I respectfully ask Your Honor to sustain your ruling and deny Mr Biolsi Extend discovery 45 days to July 15, 2022.

Dated: Framingham, MA
May 26, 2022

Maria Betania Da Mota.

Annexed:
Exhibit A- Request For Admissions To Plaintiff Eduard Babaisakov
Exhibit B- Plaintiff  NY Bakers LLC Responses to Defendants January 10 Interrogatories
Exhibit C- Maria Betania's Interrogatory Answers

# EXHIBIT A
### Request For Admissions To Plaintiff
### Eduard Babaisakov

UNITED STATES DISTRICT COURT
Eastern District Of New York
--------------------------------------------------------------------X
NY Bakers LLC,

        Plaintiff,

        - - against - -

Maria Bentania Damota, and Joao Araujo a/k/a Joao
DeAraujo,

        Defendants.
--------------------------------------------------------------------X

Case № 
20-cv-05291-KAM-RER

PLAINTIFF NY BAKERS
LLC'S
RESPONSE TO DEFENDANT
ARAUJO'S
**JANUARY 17, 2022**
REQUEST FOR
ADMISSIONS TO PLAINTIFF
EDUARD BABAISAKOV

Plaintiff NY Bakers LLC answers and objects to the Requests For Admission To

Plaintiff Eduard Babaisakov dated January 19, 2022 as follows:


**REQUEST FOR ADMISSION No. 1:** Admit that during the time of operation of

EM BAKERS LLC, You made various attempts to purchase Terra Nossa Bakery

with its name brands, bar coded products, customers routes and product recipes

**RESPONSE:  Admit**


**REQUEST FOR ADMISSION No. 2:** Admit that in all the offers, Joao Araujo

would end up with a minor share of the new organization.

**RESPONSE:  Deny**

**REQUEST FOR ADMISSION No. 3:**  Admit that you never offered to purchase Terra Nossa Bakery without the participation of Joao Araujo in the new organization.

**RESPONSE:  Deny**

**REQUEST FOR ADMISSION No. 4:**  Admit that you never negotiated, spoke to, directed any correspondence, attended any meeting with Maria Betania da Mota and that you do not know her personally.

**RESPONSE: Admit**

**REQUEST FOR ADMISSION No. 5**:  Admit that Joao Araujo and Maria Betania Damota never had access to monetary funds of payments from Walmart, Pennsylvania and Florida routes and these funds were disbursed at you own discretion.

**RESPONSE:  Deny.**  Among other things, revenues generated from Pennsylvania and Florida were deposited into EM Bakers account and used to pay for expenses.  Defendant Damota had authorized access to the bank account.

**REQUEST FOR ADMISSION No. 6**: Admit that Terra Nossa Bakery never got paid for invoices delivered to Walmart, PA and Florida routes, as a regular bread supplier would receive payment.

**RESPONSE: Deny.** Defendants use EM Bakers credit cards to pay for new product to make breads and for other expenses. Defendants never submitted proper invoices to justify expenses.

**REQUEST FOR ADMISSION No. 7:** Admit that on December 25/2019 you sent this offer to Joao Araujo:

"Joao I I just want to clarify that we offering $S00k in addition to $200k that we already paid you. It will be total of $700k for 55% of Terra Nossa company. Please note, all current liabilities and debts will have to be your responbility.

Regards

Rudy"

**RESPONSE: Admit**

**REQUEST FOR ADMISSION No. 8:** Admit that Joao Araujo was never required to use monetary funds of the 200K given to him on September 2/2019 for the operations of EM BAKERS LLC.

**RESPONSE: Admit**

Requests are directed to a non-party.  These requests are not binding against

Plaintiff.  Plaintiff further objects that this request, if made upon the named

Plaintiff, it a request for admission as to central facts in dispute and, is beyond

proper scope of discovery.   Notwithstanding such objections, Plaintiff admits.


Please take notice that Plaintiff NY Bakers LLC reserves the right to amend,

supplement, and complement this responsive document as circumstances

warrant.


As to Answers:

*Rudolf Simhaef*
Rudolf Simhaef (Apr 29, 2022 16:02 EDT)

Rudolf Simhaef

Dated:       New York, New York
              April 29, 2022

Biolsi Law Group P.C.

Steven Alexander Biolsi
Attorney for Plaintiff NY Bakers LLC
111 Broadway, Suite 606
New York, New York  10006
212-706-1385

United States District Court
Eastern District of New York   CASE:  20-cv-05291-KAM-RER

NY Bakers LLC,

     Plaintiff,

                        - - against - -

Maria Bentania Damota, and Joao Araujo a/k/a Joao DeAraujo,

     Defendants.

Response To Request For Admissions

Biolsi Law Group P.C.
111 Broadway, Suite 606
New York, NY 10006
(212) 706-1385
sabiolsi@sabiolsi.com

By:  Steven Alexander Biolsi
Attorney For:  Plaintiff NY Bakers LLC

I, Steven Alexander Biolsi, an attorney duly admitted to practice law before the Courts of this State, hereby certify that pursuant to 22 NYCRR § 130-1.1a that to the best of my knowledge, information and belief, formed after inquiry reasonable under the circumstances, the presentation of the papers annexed hereto or the contentions therein are not frivolous as defined in 22 NYCRR § 130-1.1(c).

New York, New York
April 29, 2022

Steven Alexander Biolsi

# 20-cv-05291_-_April 29, 2022 - Plaintiff_s_Response_To_Defendant_s_January_17__2022_Notice_To_Admit__1_

Final Audit Report                                                    2022-04-29

| | |
|---|---|
| Created: | 2022-04-29 |
| By: | Steven Biolsi (sabiolsi@sabiolsi.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAJRv9u8vqAnKuUfWfq1XZa8FBmgbcC0qn |

## "20-cv-05291_-_April 29, 2022 - Plaintiff_s_Response_To_Defendant_s_January_17__2022_Notice_To_Admit__1_" History

📄 Document created by Steven Biolsi (sabiolsi@sabiolsi.com)
   2022-04-29 - 7:38:36 PM GMT

📧 Document emailed to Rudolf Simhaef (rudyagd@gmail.com) for signature
   2022-04-29 - 7:38:49 PM GMT

📄 Email viewed by Rudolf Simhaef (rudyagd@gmail.com)
   2022-04-29 - 8:00:16 PM GMT

🖊 Document e-signed by Rudolf Simhaef (rudyagd@gmail.com)
   Signature Date: 2022-04-29 - 8:02:04 PM GMT - Time Source: server

✅ Agreement completed.
   2022-04-29 - 8:02:04 PM GMT

**Adobe Acrobat Sign**

# EXHIBIT B

Plaintiff NY Bakers LLC Responses to Defendants
January 10 Interrogatories.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NY Bakers LLC,

       Plaintiff,

      - - against - -

Maria Bentania Damota, and Joao Araujo a/k/a Joao
DeAraujo,

       Defendant.
------------------------------------------------------------------X

Case №
20-cv-05291-KAM-RER

PLAINTIFF NY BAKERS
LLC'S RESPONSES TO
DEFENDANT'S
JANUARY 10, 2022
INTERROGATORIES

Pursuant to Rule 33 of the F.R.C.P, Plaintiff NY Bakers LLC responds to Defendants Maria

Bentania Damota, and Joao Araujo's Interrogatories, dated January 10, 2022, as set forth

herein:

## General Objections

1. Plaintiff object to the Interrogatories to the extent that they are vague, ambiguous,

   overbroad, unduly burdensome and oppressive, seek information that is not relevant

   or reasonably calculated to lead to the discovery of admissible evidence, and seek

   information beyond the scope of discovery permitted by the relevant and controlling

   rules of procedure.

2. Plaintiff object to the Interrogatories to the extent that they contain words or phrases

   that are confusing or lacking in sufficient certainty to permit response. In its

   responses below, Plaintiff NY Bakers LLC respond to the extent it understands the

   Interrogatories.

3. Plaintiff NY Bakers LLC further object to the Interrogatories as burdensome,

   overbroad, irrelevant, and/or not reasonably calculated to lead to the discovery of

admissible evidence, to the extent, inter alia, that they require Plaintiff NY Bakers LLC to provide information covering a time period without limitation whatsoever.

4.  Plaintiff NY Bakers LLC object to the Interrogtories to the extent they seek information protected by rules of procedure, the attorney-client privilege, work product or any other applicable privilege. The inadverted production of any such privileged document is not intended and shall not be deemed to waive or abridge any applicable privilege.

5.  Plaintiff NY Bakers LLC object to the Interrogtories to the extent they call for disclosure of confidential information.

6.  Plaintiff NY Bakers LLC object to the instructions in the Interrogatories to extent they seek additional informaition concerning privileged information not required under relevant and controlling rules of procedure.

7.  Plaintiff NY Bakers LLC object to the Interrogtories as burdensome to the extent that they are duplicative of information provided via other discovery and disclosure demands and devices heretofore or duplicative of other interrogatories contained therein.

8.  Plaintiff NY Bakers LLC object to the Interrogtories as burdensome to the extent that they are duplicative of identical information already requested by Defendants Maria Bentania Damota, and Joao Araujo, otherwise previously delivered by Plaintiff to Defendants, or already in the possession and control of the Defendants.

9.  Plaintiff NY Bakers LLC object to the Interrogtories as burdensome to the extent that they purposely call for the production of documents or information not within the Plaintiff NY Bakers LLC's possession, custody, or control.

10. The production of any document when the production of such documents is objected to herein shall not constitute a waiver of any applicable objection and is without prejudice to any of Plaintiff NY Bakers LLC rights to object later that the production of any such document was inadvertent.

11. Plaintiff NY Bakers LLC object to the definition and instructions incorporated in the Interrogatories to the extent they seek to expand or alter the requirements of rules of procedure.

12. Plaintiff NY Bakers LLC object to the Interrogatories to the extent thet they seek to impose any continuing obligation on Plaintiff NY Bakers LLC to respond. Plaintiff NY Bakers LLC will supplement its responses only to the extent expressly required by the relevant and controlling rules of procedure or by order, direction, or command of a court of competent jurisdiction.

13. The fact that Plaintiff NY Bakers LLC have responded to a question shall not be interpreted as implying that Plaintiff NY Bakers LLC acknowledge the property of the question. Plaintiff NY Bakers LLC's response or production of any documents shall not be construed as an admission of the relevance, materiality, or admissibility of any such documents or of the subject matter of any such response or dosuments, or as a waiver or abridgement of any applicable privilege or of any applicable objection set forth above or below.

14. By responding to these Interrogatories, Plaintiff NY Bakers LLC do not admitt that the information provided is relevant or otherwise admissible as evidence at trial or for any other purpose. Plaintiff NY Bakers LLC reserve its rights to object to the

admissibility of any and all information provided in response to these interrogatories
on any and all grounds.

15. The answers set forth below are based on information presently available to the
answering Plaintiff NY Bakers LLC, who reserve the right to modify, amend and/or
supplement these responses in light of information later obtained through discovery
or otherwise as followed, permitted, or directed.

All answers given below fully incorporated and are subject to the General Objections
above, and no answer given by the Plaintiff NY Bakers LLC shall be deemed to constitute a
waiver of any of these objections that may be raised at trial or any other time. All objections
not expressly set forth herein are and/or reserved.

## Responses to Interrogatories

**Interrogatory 1.** How and when did you meet Maria da Mota?

**ANSWER:** Plaintiff, by its principal, did not meet Defendant Maria Damota.

**Interrogatory 2.** Where, when and why did you meet Joao Araujo for the first time?

**ANSWER:** Plaintiff, by its principal, meet Defendant Araujo in Florida at a bakery operated
by Plaintiff's principal.

**Interrogatory 3.** Did Joao Araujo try to buy or rent your Bakery in Boca Rota Florida
before you were business partners?

**ANSWER:** Yes.

**Interrogatory 4.** What was NY Bakers revenue from Wal mart before your agreement
with Joao Araujo?

**ANSWER:** Plaintiff did not exist prior to the agreement.

**Interrogatory 5.** What was the exact date that proper vendor number from Walmart was issued to NY Bakers L.L.C.?

**ANSWER:** The vendor number used by Plaintiff was issued on February 22, 2018.

**Interrogatory 6.** What did you buy into to when sealing the business agreement with Joao Araujo?

**ANSWER:** Plaintiff does not understand that interrogatory; however, Plaintiff refers the reader to the written agreement that gives rises to this action.

**Interrogatory 7.** Why did you hand $200,000 is cash to Joao Araujo instead of depositing the money into company's account?

**ANSWER:** Defendant Araujo insisted that cash be tendered to him and his wife, Co-Defendant Maria Damota – of which they signed a receipt for such payment.

**Interrogatory 8.** Have you ever dealt with a food baker before meeting Joao Araujo. If so, what was the fee charged?

**ANSWER:** Yes. No fee was charged.

**Interrogatory 9.** How many Walmart stores had been open before you handed the $200,000 to Joao Araujo?

**ANSWER:** Upon information and belief, including based upon Walmart data, about 4 to 5 stores.

**Interrogatory 10.**      What are the dates of first and last delivery to Walmart?

**ANSWER:** July 18, 2019 was the first delivery. The last delivery was accomplished in Florida in or around May, 2020.

**Interrogatory 11.**      When was the first time that NY Bakers used a software for Invoicing Walmart? Who indicated the software to buy?

**ANSWER:** Plaintiff started using the software in Florida sometime in 2020. Plaintiff recalls that Defendant Araujo indicated to review the LACEUP software. The Plaintiff spent significant time analysing the features and benefits of the software prior to purchase.

**Interrogatory 12.**      How was invoicing done prior to software use, Please describe the process to submit the invoices into Walmart system.

**ANSWER:**  Plaintiff recalls, initially:
- Defendant Araujo would present handwritten invoices at time of delivery to Walmart;
- Defendant would send a copy to Plaintiff's principal;
- Plaintiff would forward the invoices to Boca Kosher Bagel Café Crop (the holder of the vendor number) for upload into the Walmart System.

Plaintiff further recalls that Defendant Araujo began delivering or otherwise producing unsigned invoices and represented that they were invoices for product delivered – which was found, later, to be false.

**Interrogatory 13.**      Who was responsible to enter manual invoices into Walmart system?

**ANSWER:**  Irina Babaisakova.

**Interrogatory 14.**      Other than the person cited in EM Bakers company operating agreement, Do you have a business partner that has interested in this venture?

**ANSWER:**  Yes.  Rudolf Simhaef

**Interrogatory 15.**      Please answer yes or no. Did you invested $412.000 of the $1.000.000 planned initial investment?

**ANSWER:**  Yes.

**Interrogatory 16.**      What and when made you decide that the business failed?

**ANSWER:**  When Defendant Araujo stopped making deliveries.

**Interrogatory 17.**      Who was generating most other revenue of NY Bakers L.L.C.?

**ANSWER:**  Plaintiff does not understand this interrogatory.

**Interrogatory 18.**      Did Joao Araujo ever say that he wanted to close the business?

**ANSWER:**  Yes.

**Interrogatory 19.**     Did you attempt to buy Terra Nossa Bakery? If so, when?

**ANSWER:** Yes.  Several times, all of which were unsuccessful.

**Interrogatory 20.**     Did you try to have Joao Araujo work as a sales rep. for you?

**ANSWER:** Yes.  Based upon Defendant Araujo's representations of his abilities, it was understood that he would be able to help market and grow the business – only to find out that his representations were false.

**Interrogatory 21.**     Were you or someone with interest in this venture, involved in sales, importation or distribution of competitive products that were being delivered by Terra Nossa during or after business closing?

**ANSWER:** Plaintiff did not compete against Terra Nossa during business dealings with Defendant Araujo.  Furthermore, Plaintiff did not sign any non-compete agreement with Terra Nossa rendering this interrogatory pointlessly irrelevant.

**Interrogatory 22.**     Were you or someone with interest in this venture involved in designing different packaging to sell any product competing with Terra Nossa during or after closing of EM Bakers?

**ANSWER:** Yes.  Defendants had an interest in this venture and they created new packaging for Yuca Puffs products under Yucitos brand which would have competed and injured EM Bakers.

**Interrogatory 23.**     When and why did you try to modify the initial agreement of EM Bakers L.L.C.?

**ANSWER:** Plaintiff recalls that after learning that might have been using EM Bakers funds to advance his own Terra Nossa and other brands (such as Yucitos), Plaintiff attempted to modify the agreement in order to protect their investment and future growth.

**Interrogatory 24.**     Had you ever done bread distribution before Sept 02/2012?

**ANSWER:** No.

**Interrogatory 25.**     Was EM Bakers profitable operationally?

**ANSWER:** Plaintiff cannot answer this question because revenues may have been diverted away from the business by Defendants and unaccounted for.

**Interrogatory 26.**     What was your attributions in the daily operations of EM Bakers?

**ANSWER:**  Setup and operations as necessary and coordinating with the vendor identification for sales at large retailers.


**Interrogatory 27.**     Have you ever tried to hire any of the Terra Nossa Bakery's employees during or after business closing?

**ANSWER:**  No.  Plaintiff recalls that Defendant Araujo attempted to hire Plaintiff's baker but failed to properly train and instruct him.


 Please take notice that Plaintiff NY Bakers LLC reserves the right to amend, supplement, and complement these responses as documents or other tangible things come into Plaintiff NY Bakers LLC possession and control and are identified as being responsive to any of the Defendant Joao Araujo's demands herein.


I, Rudolf Simhaef, am a principal of the plaintiff in the above-entitled cause of action. I have read the 23 Interrogatories propounded to me by Defendant Araujo and the response to those interrogatories. I am familiar with the contents of both. Based on my knowledge, the responses to the defendant's interrogatories are true.

As to Answers,

*Rudolf Simhaef*
Rudolf Simhaef (Apr 29, 2022 16:00 EDT)
Rudolf Simhaef


As to Objections,

Dated:     New York, New York
              April 28, 2022

Biolsi Law Group P.C.

Steven Alexander Biolsi
Attorney for Plaintiff NY Bakers LLC

111 Broadway, Suite 606,
New York, NY 10006
212-706-1385
sabiolsi@sabiolsi.com

UNITED STATES DISTRICT COURT
Eastern District of New York          Index: 20-cv-05291-KAM-RER

NY Bakers LLC,

      Plaintiff,

- - against - -

Maria Bentania Damota, and Joao Araujo a/k/a Joao DeAraujo,

      Defendant.

## Response To Defendant's Interrogatories

Biolsi Law Group P.C.
111 Broadway, Suite 606
New York, NY 10006
(212) 706-1385
sabiolsi@sabiolsi.com

By: Steven Alexander Biolsi
Attorney For: Plaintiff NY Bakers LLC

I, Steven Alexander Biolsi, an attorney duly admitted to practice law before the Courts of this State, hereby certify that pursuant to 22 NYCRR § 130-1.1a that to the best of my knowledge, information and belief, formed after inquiry reasonable under the circumstances, the presentation of the papers annexed hereto or the contentions therein are not frivolous as defined in 22 NYCRR § 130-1.1(c).

New York, New York
April 29, 2022          Steven Alexander Biolsi

# 20-cv-05291_-April 29, 2022_NY_Bakers_v_Maria_Betania_Damota_-_Plaintiff_s_Answers_To_Defendant_s_January 10, 2022 Interrogatories

Final Audit Report                                                            2022-04-29

| | |
|---|---|
| Created: | 2022-04-29 |
| By: | Steven Biolsi (sabiolsi@sabiolsi.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAqVi-8EpSso1wqaQIT71IiRzt_fDOS6kR |

## "20-cv-05291_-April 29, 2022_NY_Bakers_v_Maria_Betania_Damota_-_Plaintiff_s_Answers_To_Defendant_s_January 10, 2022 Interrogatories" History

- Document created by Steven Biolsi (sabiolsi@sabiolsi.com)
  2022-04-29 - 7:20:44 PM GMT

- Document emailed to Rudolf Simhaef (rudyagd@gmail.com) for signature
  2022-04-29 - 7:20:59 PM GMT

- Email viewed by Rudolf Simhaef (rudyagd@gmail.com)
  2022-04-29 - 7:56:28 PM GMT

- Document e-signed by Rudolf Simhaef (rudyagd@gmail.com)
  Signature Date: 2022-04-29 - 8:00:07 PM GMT - Time Source: server

- Agreement completed.
  2022-04-29 - 8:00:07 PM GMT

**Adobe Acrobat Sign**

# EXHIBIT C
## Maria Betania's Interrogatory Answers

United States District Court

Eastern District of New York

---------------------------------------------------x

NY Bakers L.L.C.

Plaintiff                                          Case No :20 – cv- 05291- KAM-
SMG

v.

Maria Betania Da mota and Joao Araujo

Defendants

---------------------------------------------------x


Maria Betania's Interrogatory answers


1.  I personally did not sign Limited Liability Company Operating Agreement of EM Bakers L.L.C.

2.  I did not receive any money from Eduard Babaisakov

3.  I did not receive any money from Eduard Babaisakov

4.  Prior to the agreement products were sold in the states of New York, Connecticut, New Jersey, Pennsylvania and Florida by independent distributors and in Massachusetts by direct distribution.

5.  Ride on car services L.L.C.

     Different car Services L.L.C.

     One Importers and Distributors L.L.C.

6.  I Did sign documents to open a chase Bank account at 776 Beacon St, Newton MA 02459.    After this signature I have never operated, signed cheques or made any transactions under my name to this bank or any other bank regarding EM BAKERS LLC

1

7.   I personally did not contribute monetarily to this agreement. However, one Importers is still owed money from NY Bakers for products delivered to Walmart and to the routes in Pensylvania and Florida as well as distribution costs.

8.   I did not receive any money from Eduard Babaisakov

9.   I did not receive any money from Eduard Babaisakov

10.  In order to fulfill  the Walmart orders, we had to lease a another truck, increase our Labour cost, and make updates in the existing equipment to handle the new Walmart routes. We were under the assumption that business would grow. The Plaintiff did not invest any money in the Boston facility and that was done by One Importers LLC. During the time we were delivering to Walmart no money was transferred from NY Bakers to pay for the costs of this new potential big route.  Money is still owed to one Importers.

11.   I can not make any statement regarding this question because I was never present to any negotiations between Joao Araujo and Eduard Babaisakov.

Dated: Framingham, MA

         January 10,2022

Maria Betania Damota

508 7333284

damotabt@aol.com

2