United States District Court
Eastern District of New York
---------------------------------------------------------------------X
NY Bakers LLC,

      Plaintiff(s),

                - - against - -

Maria Bentania Damota, and Joao Araujo a/k/a Joao DeAraujo,

      Defendant(s).
---------------------------------------------------------------------X

Index №
20-cv-05291-HG-RER

Proposed Pretrial Order

Plaintiff NY Bakers LLC and Defendants Maria Bentania Damota and Joao Araujo propose the following pretrial order:

**Caption:**

The caption of the case is at it appears above.

**Parties And Counsel:**

    a. For Plaintiff NY Bakers, LLC
        i. Steven Alexander Biolsi
          Biolsi Law Group P.C.
          111 Broadway, Suite 606
          New York, NY 10006
          212-706-1385
          sabiolsi@sabiolsi.com

    b. Pro-se Defendant Maria Bentania Damota
        i. 39 Williams Street
          Framingham, MA  01702
          508-733-3284
          damotabt@aol.com

    c. Pro-se Defendant Joao Arujo
        i. 39 Williams Street
          Framingham, MA  01702
          508-494-06666
          rainbowalpina@aol.com

**Jurisdiction:**

In this civil action, Plaintiff, a New York company, advances three separate causes of action, each seeking at least $412,000 in monetary damages against Defendants, domiciled and reside in Massachusetts.

The diversity statute provides for jurisdiction over civil actions between diverse parties in which the amount in controversy exceeds $75,000 28 U.S.C.§ 1332(a).

Plaintiff NY Bakers is a domestic limited liability company organized and primarily based in the County Of Queens, City and State Of New York within the Eastern District of New York.

Defendants Maria Bentania Damota and Joao Arujo, as husband and wife, are residents of the State Of Massachusetts.

The joint venture created among the parties, EM Bakers LLC, is a domestic limited liability company based in Queens County, City and State Of New York.

Defendants do not dispute the above jurisdictional position.

**Claims And Defenses:**

**Claims Of Plaintiff:**  Plaintiff advances three causes of action; each one seeks a monetary judgment against the Defendants' jointly and severally, stemming from an agreement entered into in the Summer, 2019.  Plaintiff, having requisite approval and permission to sell baked goods to Wal-Mart Stores, Inc., desired to partner with Defendants to create a joint venture to sell baked goods to larger retailers, initially in the Boston metropolitan area.  Plaintiff tendered

$200,000 to Defendant at the beginning of the relationship and continued to tender at least $412,000 more until the relationship terminated.

First Cause Of Action:  Plaintiff's claim for breach of contract against the Defendants arises from the Defendants' willful refusal to perform as agreed in the EM BAKERS LLC operating agreement (Complaint, Exhibit A).  Among other things, Defendants failed to perform as agreed through no fault of Plaintiff while Plaintiff continued to perform including investing in labor costs and equipment so that the parties could achieve the expected goals of selling bakery products. (Complaint, ¶¶ 81-89). Plaintiff invested at least $412,000, all of which was retained by Defendants without contribution or accounting.  (Complaint, Exhibit B).  Defendants refused to bake goods as agreed, refused to disclose receipts and refused to delivery baked goods.  (Complaint, ¶¶ 90-92.).

Second Cause Of Action:  Plaintiff's claim for fraud against the Defendants arises from Defendant's willful and wanton acts including advancing false representations of material facts including sale and profit figures to justifiably induce Plaintiff into believe that the venture was growing successfully. (Complaint, ¶¶ 106-109).  In reality, Defendants were providing duplicate or false invoices from Wal-Mart.  (Complaint, ¶¶ 122-134).  Defendants knowingly false representations were advanced to plaintiff with the sole intention of having Plaintiff continue to invest more money into the joint venture, of at least $412,000.  (Complaint, ¶¶ 136-142).

Third Cause Of Action:  Plaintiff's claim for conversion arises from the Defendant's diversion of monies Plaintiff tendered to Defendants as the capital

contributions toward the joint venture. (Complaint, ¶¶ 145-151). Rather than invest the money within the joint venture, Defendants diverted monies and commingled such monies with Defendants' other companies. (Complaint, ¶¶ 146-149; 162). No monies were ever return to Plaintiff nor were any capital contributions accounted for by Defendants. (Complaint, ¶¶ 154-162). Defendants retained all revenues collected from the joint venture operations. (Complaint, ¶¶ 154-159). Defendants have converted at least $412,000 of monies belonging to Plaintiff. (Complaint, 162-164).

**Claims And Defenses Of Defendants:** Defendants, now pro-se, assert 10 single-sentence defenses (Answer of Defendants, pp 12-13):

1. Plaintiff failed to state a cause of action;
2. Plaintiff's claims are barred because this court lacks jurisdiction over this dispute;
3. Plaintiff breached its duty of good faith and fair dealing;
4. Plaintiff committed a wrong doing and Plaintiff's claim is barred by the doctrine of unclean hands;
5. Plaintiff's claim is barred Plaintiff did not sustain damages caused by Defendants;
6. Plaintiff's claims are barred because Defendants' acts or omissions were not the proximate cause of such injury;
7. Plaintiff failed to mitigate its damages;
8. Plaintiff failed to act in good faith;

9. Plaintiff would be unjustly enriched if it succeed in this action;

10. Plaintiff's claims are barred by estoppel and/or wavier.

**Jury Trial:**

**For Plaintiff: Jury trial requested.** Trial estimated to take three (3) days because of need for Spanish interpreter for Defendants.

**For Defendants: Jury trial requested.** Trial estimated to take three (3) days because of need for Spanish interpreter for Defendants.

**Consent To Trial By A Magistrate Judge:**

All parties consent to trial of the case by magistrate judge.

**Statement Of Relief Sought:**

Plaintiff is entitled to a money judgment in its favor against Defendants, jointly and severally, for the relief demanded in the Complaint on the three causes of action advanced. Plaintiff seeks to recover, as requested in the "Wherefore Clause" of the Complaint at page 19:

1. On the first cause of action, at least $412,000 for Defendants' breach of contact with Plaintiff;

2. On the second cause of action, at least $412,000 for Defendants' fraudulent and material misrepresentation upon which Plaintiff's principals relied as the reasons for tendering $412,000 to Plaintiff;

3. On the third cause of action, at least $412,000 for the Defendants' conversion of Plaintiff's monies.

Defendants have not advanced any counterclaims.

Witnesses:
>
> **For Plaintiff:**

1. Eduard Babaiskov
   Principal of Plaintiff
   a. Expected to testify about the facts and circumstances based upon his personal knowledge as he experienced the facts and circumstances as they happened. He is expected to testify about other claims and creditors. He is expected to testify about his involvement in the joint venture and the contributions of the parties. He is expected to testify about the operations of the business and the facts surrounding the fraudulent representations. He is also expected to testify about the steps needed to obtain and the value of having a Wal-Mart Vendor Identification Number.

2. Rudy Rudik Simhaef
   Principal of Plaintiff

   a. Expected to testify about the facts and circumstances based upon his personal knowledge as he experienced the facts and circumstances as they happened. He is expected to testify about other claims and creditors. He is expected to testify about his involvement in the joint venture and the contributions of the parties. He is expected to testify about the operations of the business and the facts surrounding the fraudulent representations. He is also expected to testify about the steps needed to obtain and the value of having a Wal-Mart Vendor Identification Number.

3. Pro-Se Defendant Joao Arujo

   a. Expected to testify about all facts and circumstances based upon his personal knowledge as he experienced the facts and circumstances as they happened. He is expected to testify about other claims and creditors. He is expected to testify about his involvement in the joint venture and the contributions of the parties.

4. Pro-Se Defendant Maria Bentania Damota

   a. Expected to testify as her knowledge (or absence thereof) of the joint venture and monies expended on account thereof or diverted therefrom. Ms. Damota is expected to testify about her knowledge of the bakery operations and her involvement with other companies owned by her and Co-Defendant Joao Araujo.

> Ms. Damota is also expected to testify about commingling of monies intended to be invested in the joint venture.

5. Werner Batista
   2141 NW 30th Road
   Boca Raton, FL 33431

   a. Expected to testify that he had a working relationship with the joint venture EM BAKERS LLC and the members of the joint venture. He is expected to testify that he discovered that there was never a valid partnership or agreement between Defendants and anyone. He is also expected to testify as to the veracity and honesty of Defendants intentions to operate the joint venture.

6. Guillermo "Memo" Garcia De Jesus

   a. Expected to testify about how his experience working with Defendants to learn baking techniques and how Defendants did not properly educate and instruct him. Also expected to testify about the failure to disclose complete recipes and ingredients.

7. Michael Mosheyev

   a. Expected to testify about Pennsylvania routes and deliveries. Expected to testify about quality of product and customer experiences from his personal knowledge.

8. Irina Babaisakova

   a. Expected to testify about the "back office" operations including working with and interacting with Wal-Mart Stores invoicing and billing procedures.

**For Defendant:**

1. Pro-Se Defendant Joao Arujo

   a. Expected to testify about all facts and circumstances based upon his personal knowledge as he experienced the facts and circumstances as they happened. He is expected to testify about his defenses as advanced in his answer

2. Pro-Se Defendant Maria Bentania Damota

   a. Expected to testify about all facts and circumstances based upon his personal knowledge as he experienced the facts and circumstances as they happened. He is expected to testify about his defenses as advanced in his answer

3. Jami Neves
    a. Expected to testify about Pennsylvania operations and deliveries.

4. Erivaldo Pereira
    a. Expected to testify about Terra Nossa training and development as part of the joint venture.

5. Roberto Tavares
    a. Expected to testify about Gag Foods company initialization and operations conducted on competitive product lines similar to Terra Nossa brand products.

**Deposition Testimony:**

Plaintiff does not expect to use deposition transcripts except in the event of the unavailability of a named-party witness that was deposed or for impeachment purposes.

Defendants do not expect to use deposition transcripts except in the event of the unavailability of a named-party witness that was deposed or for impeachment purposes.

**Stipulations:**

The parties have not stipulated any facts or law.

**Exhibits:**

   **Plaintiff's Exhibits:**

| Exhibit | Objection | Basis For Objection |
|---|---|---|
| 1 – Operating Agreement | | |
| 2 – $200,000 Receipt Between Defendant Damota and | | |

| Exhibit | | |
|---|---|---|
| Eduward Babaisakov | | |
| 3 – EM Bakers 2019 Tax Returns | | |
| 4 – 25 Photographs collectively of Walmart Retail Display Of Bakery Products | | |
| 5 – Wal-Mart Stores, Inc Invoices | | |
| 6 – January 12, 2022 Email Chain | | |
| 7 – JP Morgan Chase Account Statements With Checks | | |
| 8 – Wal-Mart General Merchandise Agreement Vendor Identification | | |
| 9 – Chase Credit Card Account Statement | | |

**Defendant's Exhibits:**

| Exhibit | Objection | Basis For Objection |
|---|---|---|
| A – GAC Foods LLC Articles Of Organization | Relevance | |
| B – GAC Foods LLC 2020 Annual Report | Relevance | |
| C – November 9, 2019 Email Chain | | |

| | | |
|---|---|---|
| D – One Importers And Distributors LLC Check 1012 For $5,000 | Best Evidence | |
| E – One Importers And Distributors LLC Check 1015 For $4,200 | Best Evidence | |
| F – Tirunfo Food Invoices | | |
| G – Hotel Bill | Hearsay | |
| H – One Importers And Distributors LLC Check 1029 For $1,000 | | |
| I – One Importers And Distributors LLC Check 1035 For $2,000 | | |
| J – Pensky Contract and Rental Invoice | | |
| K – Photographs showing similarities between GAC Foods LLC and Terra Nossa Products | | |
| L – Plaintiff's Answers To Defendants' Interrogatories | | |
| M – Defendants Request For Admissions Answers By Plaintiff | | |

**Motions In Limine:**

Parties do not anticipate filing motions in *limine* at this time.