United States District Court
Eastern District of New York
-------------------------------------------------------------------X

NY Bakers LLC,

       Plaintiff(s),


                  - - against - -

Maria Bentania Damota, and Joao Araujo a/k/a Joao DeAraujo,

       Defendant(s).

-------------------------------------------------------------------X

Case №
20-cv-05291-RER

**Proposed Jury
Instructions**

## TABLE OF CONTENTS

**PRELIMINARY INSTRUCTIONS**

**1.1 General Preliminary Instruction**
**1.3 Official English Translation/Interpretation**
**1.2 Burden of Proof - Clear and Convincing Evidence**
**1.4 Jury Questions**
**1.5 Interim Statements**
**TRIAL INSTRUCTIONS**
**2.1 Stipulations**
**2.2 Use of Depositions**
**BASIC INSTRUCTIONS**
**3.4 Credibility of Witnesses**
**3.5.1 Impeachment of Witnesses because of Inconsistent Statements**
**3.7.1 Responsibility for Proof - Plaintiff's Claim[s], Cross Claims, Counterclaims - Preponderance of the Evidence**
**3.9 Election of Foreperson Explanation of Verdict Form[s]**
**3.8.1 Duty to Deliberate when only the Plaintiff Claims Damages**
**3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**
**3.1 Introduction**

Dated:     New York, New York
             June 17, 2024

Biolsi Law Group P.C.


_____
By: Steven Alexander Biolsi
Attorney for Plaintiff NY Bakers LLC
111 Broadway, Suite 606
New York, NY, 10006
212-706-1385
sabiolsi@sabiolsi.com

1

**1.1**
**General Preliminary Instruction**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the

question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;
- the witness's memory;
- the witness's manner while testifying;
- any interest the witness has in the outcome of the case;
- any bias or prejudice the witness may have;
- any other evidence that contradicts the witness's testimony;
- the reasonableness of the witness's testimony in light of all the evidence; and
- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case</u>:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, NY Bakers LLC, claims the Defendants Maria Bentania Damota and Joao Araujo:

1.  Breached the contract they had with NY Bakers LLC in that, among other things they refused to return $200,000 back to NY Bakers LLC after Maria failed to sign the Operating Agreement that should have created the relationship between the parties; and

2.  Defendants Maria Bentania Damota and Joao Araujo defrauded NY Bakers LLC out of more than $410,000 by knowingly mispresenting facts and documents in an effort to create the illusion that the parties were operating a bakery and selling bread products to Walmart stores; and,

3.  Defendants Maria Bentania Damota and Joao Araujo converted (or misappropriated) more than $410,000 entrusted to them to be used for the parties' bakery operation and, instead, used NY Baker's monies for Defendants Maria Bentania Damota and Joao Araujo personal use or for their own companies;

Maria Bentania Damota and Joao Araujo deny those claims and contend that they may have defenses including:

1.  That NY Bakers failed to state a valid cause of action;

2.  That the claims are barred because of a lack of jurisdiction;

3.   That NY Bakers LLC breached its duty of good faith and fair dealing;

4.  That NY Bakers LLC has unclean hands;

5.  Defendants did not damage NY Bakers LLC as it alleges;

6.  The damages complained of by NY Bakers LLC were not caused by either Defendant;

7.  NY Bakers LLC failed to "mitigate" its damages;

8.  Defendants have acted in good faith;

9.  If Plaintiff succeeds, it will be unjustly enriched;

10. Plaintiff's claims are barred by estoppel;


<u>Burden of proof:</u>

NY Bakers LLC has the burden of proving its case by what the law calls a "preponderance of the evidence." That means NY Bakers LLC must prove that, in light of all the evidence, what it claims is more likely true than not. So, if you could put the evidence favoring NY Bakers LLC and the evidence favoring Maria Bentania Damota and Joao Araujo on opposite sides of balancing scales, NY Bakers LLC needs to make the scales tip to its side. If NY Bakers LLC fails to meet this burden, you must find in favor of Maria Bentania Damota and Joao Araujo.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Maria Bentania Damota and Joao Araujo has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Maria Bentania Damota and Joao Araujo must prove for any affirmative defense. After considering all the evidence, if you decide that Maria Bentania Damota and Joao Araujo has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means.  This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter.  You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you

understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, NY Bakers LLC will present its witnesses and ask them questions. After NY Bakers LLC questions the witness, Maria Bentania Damota and Joao Araujo may ask the witness questions – this is called "cross-examining" the witness. Then Maria Bentania Damota and Joao Araujo will present their witnesses, and NY Bakers LLC may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

[Note: Some judges may wish to give some instructions before closing arguments. See Fed. R. Civ. P. 51(b)(3).]

You'll then go to the jury room to deliberate.

**ANNOTATIONS AND COMMENTS**
No annotations associated with this instruction.

**1.3 Official English Translation/Interpretation**

You may hear or see languages other than English during this trial.

You must consider evidence provided through only the official court interpreter. It is important that all jurors consider the same evidence. So even if some of you know Portuguese, you must accept the English interpretation provided and disregard any different meaning.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**1.2 Burden of Proof – Clear and Convincing Evidence**

Sometimes a party has the burden of proving a claim or defense by clear and convincing evidence. This is a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain. The court will tell you when to apply this standard.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**1.4 Jury Questions**

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

· First, you must submit all questions in writing. Please don't ask any questions aloud.

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

## ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

**1.5 Interim Statements**

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**2.1 Stipulations**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

## 2.2 Use of Depositions

**NOT BEING PROPOSED**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**3.1 Introduction**

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**3.4 Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

### 3.5.1 Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**<u>ANNOTATIONS AND COMMENTS</u>**

No annotations associated with this instruction.

### 3.7.1 Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence

In this case it is the responsibility of the Plaintiff NY Bakers LLC to prove every essential part of its claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Plaintiff NY Bakers LLC claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff NY Bakers LLC.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claims by a preponderance of the evidence, you should find for the Defendant as to that claim.

**<u>ANNOTATIONS AND COMMENTS</u>**

No annotations associated with this instruction.

**FIRST CAUSE OF ACTION:**

**PJI 4:1 Contracts—Elements**

As you have heard, the plaintiff NY BAKERS seeks to recover damages for breach of contract. NY BAKERS claims that it had a contract with the defendant Maria Bentania Damota and Joao Araujo requiring that Maria Bentania Damota and Joao Araujo participate in a joint venture to

- Form a collaborative joint venture to more formally create a business operation to sell Baked Products on a large scale developed by Defendants to allow for wholesaling to a much larger region, initially expanding into the Tri-State region and Florida, while contemporaneously obtaining new Vendor Relationships with other large-scale, big-box national and international chains.
- As part of the agreement, Defendants agreed to disclose recipes for such bakery and bread products to Plaintiff.
- Defendants further agreed to train bakers employed by the parties to make the bread and baked products for distribution to wholesalers and retailers.
- The parties also agreed that if the joint venture is not formally put into operation or agreed to by Defendant Maria Bentania Damota, Plaintiff would recover their investment including the $200,000 initial capital contribution.

In their Defense, Defendants Maria Bentania Damota and Joao Araujo contend that the agreement between Plaintiff and Defendant was in full force upon receipt of the $200,000 from Plaintiffs. Defendants further contend that they never disputed the operating agreement as written. Defendants additionally contend that the $200,000 was payment to Defendant Araujo for the setup of the Walmart Rutes and was not part of the operating agreement relationship.

NY BAKERS LLC has the burden of proving, by a preponderance of the evidence:

> that it had a contract with MARIA BENTANIA DAMOTA AND JOAO ARAUJO requiring that MARIA BENTANIA DAMOTA AND JOAO ARAUJO to disclose receipts in addition to managing the "day-to-day business and affairs" of the joint venture together with Eduard Bababisakov so that the joint venture, known as EM Bakers can produce and sell specialty baked bread to Big Box Stores such as Walmart using the already approved Vendor ID available to NY BAKERS LLC; and,

> that NY BAKERS LLC did what it was required to do under the contract, that MARIA BENTANIA DAMOTA AND JOAO ARAUJO breached the contract by not doing what they was required to do under the contract and that NY BAKERS LLC sustained damages because of MARIA BENTANIA DAMOTA AND JOAO ARAUJO's breach.

If you decide that NY BAKERS LLC had a contract with MARIA BENTANIA DAMOTA AND JOAO ARAUJO in that they were contractually obligated to produce speciacilty bread products, share receipts, and deliver the breads to Big Box Retailers, and that NY BAKERS LLC did what it was required to do under the contract, and that MARIA BENTANIA DAMOTA AND JOAO

ARAUJO breached the contract by failing to account for NY Baker's $410,000 investment, by failing to perform any of the terms of the written operating agreement, failing to disclose recipes, and failing to produce speciality baked goods as agreed, you will find for NY BAKERS LLC on its breach of contract claim and you will go on to consider NY BAKERS LLC's damages.

If you decide that NY BAKERS LLC did not have a contract with MARIA BENTANIA DAMOTA AND JOAO ARAUJO, NY BAKERS LLC did not do what it was required to do under the contract, MARIA BENTANIA DAMOTA AND JOAO ARAUJO did not breach the contract, or MARIA BENTANIA DAMOTA AND JOAO ARAUJO's performance was excused], you will find for MARIA BENTANIA DAMOTA AND JOAO ARAUJO and you will continue to deliberate by considering the next cause of action.

**PJI 4:20 Contracts—Damages—Generally**

My charge to you on the law of damages must not be taken as a suggestion that you should find for the plaintiff. It is for you to decide on the evidence presented and the rules of law I have given you whether the plaintiff is entitled to recover from the defendant. If you decide it is not entitled to recover, you need not consider damages. Only if you decide that the plaintiff is entitled to recover will you consider damages.

When Plaintiff has partially performed under the contract and is prevented by the Defendants from completing performance, the measure of damages is to be computed by calculating the investments made by Plaintiff toward the joint venture contract with Defendants.

**SECOND CAUSE OF ACTION:**

**PJI 3:20 Intentional Torts—Fraud And Deceit**

As you have heard, the plaintiff NY BAKERS LLC seeks to recover damages that it claims were caused by a fraud committed by the defendant MARIA BENTANIA DAMOTA AND JOAO ARAUJO.

Specifically, NY BAKERS LLC claims that

- Defendants falsely represented to Plaintiff a desire to form and operate a joint venture to sell specifical baked bread products to Big Box Retailers such as Walmart;
- During the purported operations, Defendants falsely represented sales and other profit figures in an effort to lure Plaintiff into believing that the joint venture was growing and had the potential to exceed $10,000 in gross revenue per location.
- Defendant prepared the invoice knowing that neither produced nor delivered Baked Products for Walmart.
- Defendant communicated the false invoice knowing that Plaintiff and its principal would rely upon the communication.
- Defendants had no intention of prepare baked products for the benefit of the joint venture.
- Defendants knew that Plaintiff would rely upon the false invoices and false communications which misrepresented false and fictitious sales.
- Defendants knew that Plaintiff would be misled and would have the false impression of success and revenue generation.
- Plaintiff reasonably relied upon the communications to its detriment.
- Plaintiff continued to invest in the joint venture because of the fake and fictitious sales.
- Additionally, Defendants commingled funds generated from the operations of the joint venture and Defendants' other companies' and personal finances.
- Defendants could diverted to Defendants' companies, including their Automobile Dealership/Rental Company.
- Plaintiff sustained injuries of at least $412,000.

Defendants MARIA BENTANIA DAMOTA AND JOAO ARAUJO den that they committed fraud and contends that:

- The joint venture was formed and operated up to March of 2020 including a bread route in Florida being managed by Eduard Babaisakov.
- All invoices presented for submission to Walmart are legit and stamped by the Walmart store where the deliveries were being executed.
- All the products delivered to walmart in the New England area and parts of Florida were produced by One Imports LLC, DBA Terra Nossa Bakery
- The total Delivery amount from One Imports to Walmart is over $60,000.

25

- Plaintiff can not show payments to One Imports for all the product delivered to Walmart by One Imports
- Plaintiff's principals Eduard Babaisakov and Rudiak were both actively part of the operations mainly in charge of finance including receiving all the revenue being generated by One Imports.
- Plaintiff's principal Eduard Babaisakov was fully in charge of disbursements of funds received from Walmart.
- The decision to stop operation of EM Bakers was initiated by NY Bakers LLC after only six months of operations and the main point of contention was the shares distribution of EM Bakers.
- During the period of operation, NY Bakers made various attempts to acquire Terra Nossa Bakery in which Joao Araujo would be a minor shareholder.
- In March 2020 Eduard Babaisakov purchased a distribution company in Florida Gac Foods LLC and their product line is a competing line to Terra Nossa brand. Joao Araujo was never made aware of the fact that Eduard Babaisakov was acting as a principal for both companies.
- The total amount to be invested by NY Bakers LLC was $800,000 plus the $200,000 given to Joao Araujo as a start-up fee to set up the Walmart stores.
- Plaintiff can only show deposits into EM Bakers bank account for the amount of $95.484,34 as part of the agreement.
- The $200,000 was received by Joao Araujo.

As you have heard, the plaintiff NY BAKERS LLC seeks to recover damages that (he, she, it) claims were caused by a fraud committed by the defendant MARIA BENTANIA DAMOTA AND JOAO ARAUJO.

In order to recover for fraud, NY BAKERS LLC must prove by clear and convincing evidence that (1) MARIA BENTANIA DAMOTA AND JOAO ARAUJO made a statement of material fact; (2) the statement was false; (3) MARIA BENTANIA DAMOTA AND JOAO ARAUJO either knew that the statement was false or made the statement recklessly without regard to whether it was true or false; (4) MARIA BENTANIA DAMOTA AND JOAO ARAUJO made the statement to convince NY BAKERS LLC to rely upon it; (5) NY BAKERS LLC did rely on MARIA BENTANIA DAMOTA AND JOAO ARAUJO's statement; (6) NY BAKERS LLC's reliance on MARIA BENTANIA DAMOTA AND JOAO ARAUJO's statement was justifiable; and (7) NY BAKERS LLC sustained damages because of its reliance on MARIA BENTANIA DAMOTA AND JOAO ARAUJO's statement.

Clear and convincing evidence means evidence that satisfies you that there is a high degree of probability that there was fraud as I have defined it for you. To decide for NY BAKERS LLC by clear and convincing evidence, it is not enough to find that the evidence supporting its case more nearly represents what actually happened than the evidence that is opposed to it. NY BAKERS LLC must satisfy you that the evidence makes it highly probable that what he claims is what actually happened.

If, upon all the evidence, you are satisfied that there is a high probability that there was fraud, you must decide for NY BAKERS LLC. If you are not satisfied that there is such a high probability, you must decide for MARIA BENTANIA DAMOTA AND JOAO ARAUJO.

The first question you will be asked to decide is whether MARIA BENTANIA DAMOTA AND JOAO ARAUJO stated that they desired to operate a joint venture with Plaintiff and that they will use Plaintiff's capital contributions for the operation of the joint venture as agreed in writing and that the joint venture was actually operating based upon false and fake invoices produced by Defendants.

If you decide that MARIA BENTANIA DAMOTA AND JOAO ARAUJO did not state that the capital contributions would be used to operate the joint venture and that Defendants did not create false and fake invoicing, you need proceed no further on the claim of fraud.

If you decide that MARIA BENTANIA DAMOTA AND JOAO ARAUJO did offer false and fake invoices and misrepresented that the joint venture was operating successfully, , the next question you must decide is whether that statement was material. A statement of fact is material if a reasonable person would consider it important. If you decide that MARIA BENTANIA DAMOTA AND JOAO ARAUJO's statement was not material, you need proceed no further on the claim of fraud. If you decide that MARIA BENTANIA DAMOTA AND JOAO ARAUJO's statement was material, you must next decide whether the statement was false.

The next question you will be asked to decide is whether MARIA BENTANIA DAMOTA AND JOAO ARAUJO's statement was false. A statement is false if, taken as a whole, it communicates something that is untrue when considered from the viewpoint of an ordinary person. If you decide that the statement was true, you need proceed no further on the claim of fraud. If you decide that the statement was false, you must next decide whether MARIA BENTANIA DAMOTA AND JOAO ARAUJO either knew it was false or made the statement recklessly without regard to whether it was true or false. A statement is made recklessly if it is made when the person making it does not have an honest and reasonable belief in its truth.

If you decide that MARIA BENTANIA DAMOTA AND JOAO ARAUJO did not know that the statement was false and that MARIA BENTANIA DAMOTA AND JOAO ARAUJO did not make the statement recklessly, you need proceed no further on the claim of fraud.

If you decide that MARIA BENTANIA DAMOTA AND JOAO ARAUJO did know that the statement was false or that MARIA BENTANIA DAMOTA AND JOAO ARAUJO acted recklessly in making the statement, you must next decide whether the statement was made to convince NY BAKERS LLC to continue to deliver significant sums of money to Defendants. If you decide that MARIA BENTANIA DAMOTA AND JOAO ARAUJO did not make the statement in order to convince NY BAKERS LLC to continue to deliver significant sums of money to Defendants, you need proceed no further on the claim of fraud. If you decide that MARIA BENTANIA DAMOTA AND JOAO ARAUJO did make the statement in order to convince NY BAKERS LLC to continue to deliver significant sums of money to Defendants, you must next decide whether NY BAKERS LLC relied on the statement.

The next question you will be asked to decide is whether NY BAKERS LLC relied on MARIA BENTANIA DAMOTA AND JOAO ARAUJO's statement of false production of baked goods. If you decide that NY BAKERS LLC did not rely on MARIA BENTANIA DAMOTA AND JOAO ARAUJO's statements of false production of baked goods you need proceed no further on the claim of fraud. If you decide that MARIA BENTANIA DAMOTA AND JOAO ARAUJO did rely on MARIA BENTANIA DAMOTA AND JOAO ARAUJO's statement in of false production of baked goods, you must next decide whether NY BAKERS LLC was justified in relying on the statement.

Whether a person is justified in relying on a statement depends on whether a reasonable person would continue to deliver significant sums of money to Defendants without further effort to determine the truth or accuracy of the statement. If you decide that NY BAKERS LLC was not justified in relying on MARIA BENTANIA DAMOTA AND JOAO ARAUJO's statements, you need proceed no further on the claim of fraud. If you decide that NY BAKERS LLC was justified in relying on the statement, you must next decide whether NY BAKERS LLC sustained damages because it relied on MARIA BENTANIA DAMOTA AND JOAO ARAUJO's statements.

If you decide that NY BAKERS LLC did not sustain any damage as a result of the fraud, you will find for MARIA BENTANIA DAMOTA AND JOAO ARAUJO on the claim of fraud. If you decide that NY BAKERS LLC did sustain damage as a result of the fraud, you must next decide the actual monetary loss sustained. In determining the amount of damages NY BAKERS LLC sustained, you should consider only the actual amounts that NY BAKERS LLC spent  in reliance on MARIA BENTANIA DAMOTA AND JOAO ARAUJO's false statement. You should not consider any lost profits or other amounts that NY BAKERS LLC may have expected to, but did not, receive because MARIA BENTANIA DAMOTA AND JOAO ARAUJO's statement was false.

**THIRD CAUSE OF ACTION:**

**PJI 3:1 Intentional Torts—Intent Defined**

Intent involves the state of mind with which an act is done. If a person acts voluntarily with a desire to bring about a result, he or she is said to have intended that result. Further, although he or she has no desire to bring about the result, if he or she does the act knowing, with substantial certainty, that the result will follow, he or she is also said to have intended that result.

Here it is alleged the Defendants, acting in concert, accepted Plaintiff's capital contributions of at least $410,000 but used such capital for their own private and personal use or for their own separately managed companies rather than for use in operating the joint venture.

If you find that the defendant acted with the desire to bring about that result, or that the defendant knew with substantial certainty that such a result would follow, you will find that the defendant intended the result. If you find that the defendant did not desire to bring about that result and that defendant did not know with substantial certainty that such a result would follow, you will find that the defendant did not intend the result.

**PJI 3:10 Intentional Torts—Interference with Person or Property—Conversion—Wrongful Taking**

A person who, without authority, intentionally exercises control over the property of another person and thereby interferes with the other person's right of possession has committed a conversion and is liable for the value of the property.

Plaintiff alleges that:

- Rather than deposit hundreds of thousands of dollars delivered as investment funds into the account as agreed, Defendants wrongfully deposited the monies into a bank account used for their purposes;

- Defendants wrongfully converted these funds to their own use;

- Defendants wrongfully converted these funds to finance the operations of their independently-maintained Boston area customer sales;

- Defendants converted these funds to finance Defendants' other businesses;

- Plaintiff alleges that it sustained injuries of at least $412,000.

Defendants allege that:

- Plaintiff neither disclosed nor presented other deposits for the purpose of honoring the Operating Agreement and the amounts in question are reflected in the Income tax return prepared by the Plaintiff in the name of EM Bakers LLC

- There is no evidence of diversion of the alleged amount of $412,000 by the defendants.

Plaintiff alleges that Plaintiff NY Bakers, through Eduard Babaisako, initially gave Defendant Joao Araujo $200,000 with the provision that if Defendant Maria Betania Damota does not sign the operating agreement, the $200,000 will be return to Plaintiff NY Bakers.

Plaintiff NY Bakers requested a refund of all of its capital investment including the initial $200,000 given to Defendants.

The defendants contend that claim that the $200,000 given from Eduard Babaisakov to Defendant Joao Araujo was a non-refundable to set up the Walmart Delivery Routes.

Plaintiff denies defendant's alleged purpose of non-refundable use of Plaintiff's monies.

If you find that plaintiff's capital contributions were not intended for the operations of the joint venture and that defendants acted as agreed and used the monies consistent with the terms of the operating agreement, then there was no conversion and you will find for defendants.

If you find that plaintiff's capital contributions given to Defendants were not used to operate the joint venture or that defendants did not act pursuant to the terms of the joint venture by funding the joint venture with plaintiff's capital contributions, then there was a conversion and you will find for plaintiff NY Bakers.

### 3.9 Election of Foreperson Explanation of Verdict Form[s]

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

**[Explain verdict]**

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

### 3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

<u>**ANNOTATIONS AND COMMENTS**</u>

No annotations associated with this instruction.

### 3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.